I cannot declare to be here. My client, Ms. Thomas Lizzie Smith, is a mid-30s transgender female. She pled guilty in district court to receive child pornography. She was sentenced to 90 months imprisonment with 20 years of supervised release. In November of 2017, she began her period of supervised release. Among other conditions of supervised release, she was required to complete mental health counseling and required to complete sexual offender counseling. Within the first year of her 20 years of supervised release, a petition to revoke the supervised release was filed. The violations of the release alleged were that she failed to complete the mental health counseling and failed to complete the sexual offender counseling. The single issue in front of the court was whether the district court's sentence of 24 months imprisonment was unreasonable, plainly unreasonable is the standard, Your Honors. And it is the defendant's position that that 24-month sentence imposed was plainly unreasonable and was an abuse of discretion. Let me throw two questions at you. First of all, as we all know, the Chapter 7 guidelines have always been guidelines. They're policy statements, whatever you want to call them, voluntarily there for the judge's edification. And Judge Herndon makes the decision that a 24-month period of re-imprisonment is appropriate for Ms. Smith. But equally, he decides she's not going to benefit from supervised release. So as a result of all of this, by my seat of the pants, she sheds 18 years of supervised release as a result of all of this. That's not small. I mean, to live under supervised release is a restrictive, as she has proven, a restrictive way of living. So I'm having a lot of trouble looking at what the district judge did here and finding any reversible error in it. He's weighing, what can I do? You're flouting the court's orders. I'm going to put you back in prison for another 24 months to vindicate all sorts of interests. But then you're done. You're not under the remainder of the 20-year term of supervised release. Why is that something that this court should send it back for? I certainly understand the court's position. And I believe that the government made that argument in its brief. I wish my client understood. I'll be perfectly honest with the court. I wish my client understood the distinction. And I don't think that she does. I mean, in other words, she got a benefit from what the district, not that he was out there being Santa Claus. But she got a benefit, and he was making an assessment of what measures were going to be suitable for her particular case. And he was the best position to do that, I think. Yes. That is correct, Your Honor. I understand that. And my client's position is that the factors in mitigation, particularly her extreme diagnosis of mental health problems, which are outlined in my brief, that they simply were ignored by the court. My client's position is that the court was angry at her. She clearly had some behavior, and it's not well-reflected in the record. But the court had some dealings with her prior to the petition to revoke supervised release, pro se filings. And the court, I believe, had kind of fed up with my client. She was being extraordinarily disrespectful to the court. And I acknowledge that, Your Honor, she was. But I think under the circumstances and given the mental health history, the post-traumatic stress, the narcissistic behavior, the childhood abuse that she was subjected to, given what she had in terms of mental health diagnosis, it was understandable. It wasn't surprising that she acted out in that manner. And my client's position simply is that she, in her own way, she did complete some of the counseling. She went to the session. She didn't plead it. I ask that that be taken off the record. But she was attempting to comply in her own way. And it's her position that the petition to revoke supervision was filed very quickly into that 20-year period. It was. And that she should have been given a chance to be put back on supervised release and continue to attempt to comply with the conditions. I don't think it's unusual. And the court acknowledged, and the probation officer acknowledged, that it's not unusual for someone to have great difficulty with sex offender treatment. I'm sure this court knows it requires the defendant to admit to the sex offense. And my client was having difficulty doing that. So simply, Your Honors, it's our position that the mental health diagnosis, and based on some of the comments of the court, that it was as if it was being used against my client. The court acknowledged the mental health issues that she had, stated that, well, that's her problem. That was one of the things that the court said. And even though the court clearly acknowledged that she had the mental health diagnosis that she did, he went on to deviate from the three to nine months, given her Category 1 classification, deviate greatly from the three to nine months and impose a 24-month period of imprisonment. We are asking the court to remand this case for resentencing. All right. Thank you. Thank you. Mr. Hale? Thank you, Your Honors. My name is Chris Hale, and I'm an assistant United States attorney representing the government in this case. The government's position is outlined in our brief, is that we are asking that the court affirm the district court's sentence of 24 months. In this case, specifically, as that sentence was not unreasonable and that Judge Herndon, as required, initially looked to the Sentencing Commission's sentencing guidelines and specifically found the recommended three to nine month range lacking. As he says, quote, it just doesn't get this case right. As required by statute 18 U.S.C. 3583E, Judge Herndon, at the district court level, did consider the defendant's history. He considered the defendant's characteristics, the need for treatment, and the protection of the public. Also, what is not reversible error, also the district court considered the seriousness of the offense and promoting respect for the law. And the Seventh Circuit in the U.S. versus Clay case joined many other circuits in saying it's not error for a district court to consider those additional factors from 3553A, as long as it is not the primary reason for the sentence of the court. Here, as the court's already pointed out, we had a defendant who was on a 20 year term of supervised release for a very serious offense in terms of protection of the public and a need to supervise that person. And the district court recognized that and quite frankly said, you need to be supervised most likely, given this case, and spoke about the desire to protect the public, but it was also a bit of a case of you could drag a horse to water, but you couldn't make that horse drink. This was someone who had walked away from or refused to cooperate in not one, but two mental health treatment courts, had flatly refused to participate in any meaningful way in sex offender treatment, which does require an admission that the defendant has engaged in sexual behavior in the past, that it drove their offense characteristics. Did they ever try individualized counseling for her? I understand with her background of sexual abuse herself, to be in a room with a lot of other people who were abusers was particularly challenging, which suggests that maybe some term of individual counseling is what she would have needed to get to the correct point. The mental health, and Ms. Gross may correct me, as she may be more educated on this topic, but my belief is the mental health counseling would have been individualized, and was individualized. The sex offender component, I believe, is in a group setting. That's the model that they use. I don't think with this particular defendant it honestly would have mattered, as I think you had someone who was attempting to overturn their conviction, which was a guilty plea, in denial about the legitimacy of that conviction, and had just decided that they were not going to do what the court had ordered them to do. I don't think that at the point of the revocation hearing, the district court wanted to waste any more of the probation officer's time. He made a statement that he could not, to paraphrase, determine what sort of probation officer, or team of probation officers, it would be required to supervise this defendant. There are a lot of defendants, I think, who would trade two years locked up for 18 plus years of supervision. It's not popular amongst defendants. There was a huge benefit to this defendant. I think that the court was throwing up their hands and saying, we can see you need treatment. We're trying to put things in place to supervise you, but at the end of the day, we're unable to do so because of the reluctance of the defendant. In light of that, the court did what they could do to the utmost of that sentence, which was the statutory maximum of 24 months. The fault of that solely lies in the lap of the defendant. Looking at what is the most restrictive standard on appeal, which was this abuse of discretion, it clearly was not. The court applied the factors. Unless any of your honors have any questions for myself, I don't. I see none, so thank you very much. Thank you. Anything further, Ms. Gross? I think that's about as necessary. Thank you. All right. Thank you, and thank you very much for accepting the appointment. We appreciate it. Thanks as well to the government. We will take the case under advisement, and the court will be in recess.